

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~WILLIAMSON~~
ATTORNEY GENERAL

Hon. Walter C. Woodward, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-1471
Re:  The provisions of Senate Bill No. 397,
Acts of the Regular Session of the 46th
Legislature, and of the special rider
attached to the General Appropriation
Bill of the section dealing with the
Examining Division of the Insurance De-
partment governs the rate of pay and
expense allowance of Examiners conduct-
ing an out of state examination.

Your letter of September 21, 1939 in which you submit
for an opinion of this department the question of the proper
rate of payment of salary and expenses for a Texas examiner
while engaged in examining an out of state insurance company
at the home office of such company has been received.

We deem it advisable to herein set out the pertinent
parts of your inquiry as follows:

"Senate Bill 397, passed by the Forty-sixth
Legislature, Regular Session 1939, amended Section
3 of Chapter 152 of the Regular Session of the
Forty-second Legislature (Article 4690a) pertain-
ing to the examination of insurance companies by the
Chairman of the Board of Insurance Commissioners
of Texas.  In providing for the examination of out-
of-state insurance companies and the rate of pay
of Texas Examiners engaged in such work, Senate
Bill 397 contained the following provision:

"' Examiners' remuneration and ex-
penses shall be the same as that which
would be paid by the home state of a
company under examination to persons
conducting the examination of  a Texas
company admitted to do business in that
State.  If there be no recognized charge

for such services, the Chairman shall
fix the remuneration and expense allow-
ance of the examiners at such reason-
able figure as he may determine.'

"This Bill contained the emergency clause
and was passed in the Senate by a vote of thirty
for and one against, and in the House by a vote
of one hundred and twelve for and none against,
clearly indicating the intention of the Legisla-
ture.

"Immediately after this Bill became effec-
tive (May 15, 1939), we began operating under
its provisions.  In all cases where one of our
Examiners was assigned to the examination of an
out-of-state insurance company, we ascertained
from the Insurance Commissioner of the particular
state, the rate of pay and expense allowance for
his Examiners when assigned to a Texas company,
and we have been paying our Examiners such re-
taliatory rate.  This rate has varied greatly
depending upon the rate of pay of the particular
state and has been applied without regard to the
rate of pay in effect when our Examiners are as-
signed to Texas companies, which latter rate was
fixed by the General Appropriation Bill of the
Forty-fifth Legislature.  For instance, in your
opinion No. 3075 you held that in the case of
Examiner Homer Sanderford assigned to an insurance
company domiciled in New York State, after having
determined the applicable New York rate in the
examination of Texas companies, we were entitled
to pay Mr. Sanderford that same rate and give
him the same expense allowance.  This per diem
rate and expense allowance was in excess of Mr.
Sanderford's rate when examining a Texas company
in Texas, the applicable New York rate being
higher than the Texas rate.

"......

"The question propounded to you is:  Do the
provisions of Senate Bill 397, quoted, and the
provisions of the special rider to the Examining
Division appropriation, also quoted, govern
the rate of pay and expense allowance to our
Examiners in out-of-state examinations, or is
that rate fixed according to the positions
listed in detail by the General Appropriation

Bill and the expense allowance limited to a
maximum of $4.00 per day by the general rider
to the Appropriation bill?  This question has
been raised by the State Comptroller . . . ."

We held in our Conference Opinion No. 3075, dated
August 3, 1939, referred to by you, that a Texas insurance
examiner conducting an examination in a foreign state of a
company incorporated therein and having a permit to trans-
act business in Texas is entitled to compensation and ex-
penses equal to the compensation paid by that particular
state to an examiner conducting an examination of a Texas
company in Texas, and having a permit to transact business
in such foreign state.  We further held in such opinion that
the Commissioner of Life Insurance of Texas was given a dis-
cretion to determine into which classification of examiners
established by a foreign state, a Texas examiner should be
placed in the event the classifications of Texas and such
foreign state are not identical or, in event there is no re-
cognized charge for such service.

Senate Bill No. 397, Acts of the Regular Session of the
46th Legislature by which Articles 4690a and 4690b, Revised
Civil Statutes of Texas, were amended, and upon which our above
conference opinion was based contained an emergency clause and
became effective May 13, 1939.  The question submitted resolves
itself into the proposition of determining whether salaries
and expenses of examiners conducting examinations outside of
Texas are to be set by the terms and provisions of Senate Bill
No. 397, supra, or, are to be limited to the salary figure set
out in the General Appropriation Bill and to the $4.00 per day
limitation upon traveling expenses, thereby avoiding the plain
intent of the Legislature as expressed in such Senate Bill No.
397.

Paragraph 5 of Article 4690a taken from Senate Bill No.
397, reads as follows:

"In case of an examination of a company
not organized under the laws of Texas, whether
such examination is made by the Texas authori-
ties alone, or jointly with the insurance super-
visory authorities of another state or states,
the expenses of such examination due to Texas'
participation therein, shall be borne by the com-
pany under examination.  Payment of such cost
shall be made by the company upon presentation
of itemized written statement by the Chairman,
and shall consist of the examiners' remuneration
and expenses, and the other expenses of the

Department of Insurance properly allocable to the examination. Payment shall be made directly to the Chairman, and all money collected by assessment on foreign companies for the cost of examination shall be deposited in the State Treasury by the Chairman to the credit of the Insurance Examination Fund out of which shall be paid, by warrant of the State Comptroller of Public Accounts on voucher of the Chairman of the Board of Insurance Commissioners, the examiners' remuneration and expenses in the amounts determined by the method hereinafter provided, when verified by their affidavit and approved by the Chairman; and said money is hereby appropriated for that purpose, the balance, if any, to remain in the Insurance Examination Fund in the State Treasury subject to be expended for the purposes as are other funds placed therein. Examiners' remuneration and expenses shall be the same as that which would be paid by the home state of a company under examination to persons conducting the examination of a Texas company admitted to do business in that State. If there be no recognized charge for such service, the Chairman shall fix the remuneration and expense allowance of the examiners at such reasonable figure as he may determine. Acts 1931, 42nd Leg., p. 252, ch. 152, Para. 3, as amended Acts 1939, 46th Leg., S.B. No. 397, Para. 1."

We observe a definite, full and complete appropriation by the Legislature of all funds collected by virtue of such act for carrying out the purposes therein mentioned. There seems to be no question as to its sufficiency from the effective date of such act to September 1, 1939, and you advise that the Comptroller now raises the question of whether the same is effective for the fiscal years, beginning September 1, 1939 and September 1, 1940.

Looking to the terms and provisions of Senate Bill 427, which is the General Appropriation Bill of the 46th Legislature, for the two year period beginning September 1, 1939 and ending August 31, 1941, we find the following pertinent language in the section dealing with the examining division of the Insurance Department:

"For the purposes of paying the foregoing examination expense and such expense as is necessary incident to the examination work and the payment of the salaries of any additional examiners, stenographers, clerks

and such help as is necessary in the adminis-
tration of the examining division (provided
any additional employees performing similar
work to the positions designated hereinabove
shall not receive a greater sum of compensa-
tion than that herein provided), and for
defraying all other expenses necessary for the
administration of the provisions of Chapter
152 of the General Laws of the Regular Session
of the Forty-second Legislature and Chapter
264 of the Forty-fourth Legislature, and any
and all amendments thereto, and as amended by
Senate Bill 397, Acts Regular Session of the
46th Legislature, 1939, there is hereby appro-
priated all fees and assessments collected
under authority of said Examining Law, together
with any balances at the end of a preceding
fiscal year, for each of the fiscal years end-
ing August 31, 1940, and August 31, 1941. The
head of the department shall make application
to the Board of Control and receive its approv-
al in writing before employees, other than
those itemized in the appropriation bill, are
employed. Said application shall set out the
reasons, and necessity for the employment of
the additional employees." (Underscoring ours)

Thus, it clearly appears that there is a definite and
clear appropriation of all fees and assessments collected
under authority of the Examining Law for the purpose of carry-
out the terms of Senate Bill 397, supra, as well as the other
pertinent statutes.

It is therefore, the opinion of this department and
you are so advised that the provisions of Senate Bill 397,
supra, and the hereinabove quoted special rider to the Ex-
amining Division of the Insurance Department contained in the
General Appropriation Bill governs the rate of pay and expense
allowance of examiners conducting an out-of-state examination
and is to be arrived at in accordance with our conference
opinion No. 3075, and that the same shall be effective until
August 31, 1941.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/Lloyd Armstrong
    LLoyd Armstrong
    Assistant

LA:AW:wc

APPROVED OCT 14, 1939
s/Robert E. Kepke
(Acting) ATTORNEY GENERAL OF TEXAS


APPROVED Opinion Committee By s/BWB Chairman